THE PEOPLE, ETC., RESPONDENTS, v. IDAHO BILL, WHOSE TRUE NAME IS RICHARD SLOAN, APPELLANT.

1. RECORD IN CRIMINAL CASES.—A bill of exceptions and statements on appeal, not certified or authenticated as required by the statute regulating appeals in criminal cases, will be stricken from the files.

2. REPEAL OF ACT DEFINING CRIME, ETC.—An offense committed prior to the passage of the Penal Code, which took effect March 4, 1876, can be inquired into and prosecuted in the same manner as if that Code had never been passed, notwithstanding the fact that the statute creating such offense was repealed by the Penal Code.

3. SECTIONS 4 AND 5 OF PENAL CODE CONSTRUED.—It was the evident legislative intent, as expressed in §§ 4 and 5 of the Penal Code, that the former acts concerning crimes and punishments, so far as they related to offenses committed prior to the passage of the former code, should remain in force.

Appeal from the Second Judicial District Court.

The bill of exceptions was not certified by the judge of the court below, nor was it agreed to by the attorneys for the people. Upon the case being called for argument in this court, the counsel for respondent, moved to strike the same from the files.

The defendant was indicted on the 6th day of May, 1876, for the crime of robbery, alleged to have been committed on the 18th day of January, 1876.

The other facts appear in the opinion of the court.

*Denny & Swift* and *E. D. Hoge*, for appellant.

The law under which defendant was indicted and in force at the time the offense is alleged to have been committed, was repealed prior to the finding of the indictment, and no saving

clause for offenses committed prior to the repeal but for which prosecution had not then been commenced.

The offense is alleged to have been committed on the 18th day of January, 1876. The law was repealed February 18, 1876. C. L. p. 565, 651. Indictment was found May 6, 1876.

The repeal of a statute puts an end to the further prosecution of all proceedings under it, and every act done after repeal is void unless there be a saving clause. *Palmer* v. *Butler*, 1 Hill. 324; *Abbott* v. *Commonwealth*, 8 Watts, 518; *Comm.* v. *Duane*, 1 Binney, 601–608; *People* v. *Gill*, 7 Cal. 357; Bishop on Stat. Cr. §§ 173, 179; *Stover* v. *Immell*, 1 Watt. 258, 752.

And the saving clause must be for offenses already committed, and for which prosecutions have been commenced and are pending. *Gray* v. *Iliff*, 30 Iowa, 195; Smith's Const. Law, §§ 770, 774, 776; *Bristow* v. *Guess*, 12 Iowa, 404; Bishop's Stat. Cr. § 179.

It must be by express reservation. 1 Hill. 324; 1 Mich. 171; Smith's Const. Law. 765–766.

The saving clause of all similar statutes uses the words offenses committed and prosecutions pending or commenced. *Ibid.;* 1 Mich. 171; 2 Doug. 154.

The prosecutions must be commenced and when commenced. *State of Iowa* v. *Roth*, 17 Iowa, 336; *State of Iowa* v. *Brady*, 17 Iowa, 39; *Inskeep* v. *Inskeep*, 5 Iowa, 204; *State* v. *Inskeep*, 12 Iowa, 266; 24 Iowa, 217.

Commenced at time of indictment found or bill filed, and law then in force controls. *Wood* v. *Irish*, 14 Iowa, 427.

Section 5 of the criminal code saves only those offenses where prosecutions had been commenced prior to the taking effect of the code, and not to those offenses which had been committed, but for which no prosecutions had been commenced or were pending. Had the legislature intended it so to apply they would have used the word committed, and the well known definite language used in all other statutes saving offenses already committed. *Jones* v. *State*, 1 Iowa, 401.

Section 5 of Utah code is identical with § 6, California code. That section in California code was not intended to apply to offenses committed prior to that time, but in which proceedings had not been commenced or were pending, for the reason that they had another and special statute in force providing especially for offenses committed prior to the repeal of the former law.   1 Political Code, Cal. § 329, p. 89.

And the California code especially provides that repeal of statute shall be by separate statute.   1 Penal Code, § 4505, p. 540.

Penal statutes must be strictly construed, and an offender who is protected by the letter cannot be deprived of its benefit on the ground that his case is not within the spirit or reason and policy of the law.   *State* v. *Lovell*, 23 Iowa, 304; *U. S.* v. *Ragsdale*, Hemp. R. 497; Dwarris, 245, note.

Where there is a reasonable doubt of the meaning of a statute, the prisoner is entitled to the benefit of the doubt, and the court will not inflict the penalty, and the prisoner discharged.   *Jones* v. *State*, 1 Iowa, 401; Dwarris, 245.

We submit that defendant should be discharged.

*Tilford & Hagan* and *S. H. Lewis*, for respondents.

The only question presented to the court for consideration, as the record stands, arises from the repeal of the statute in force at the time of the commission of the alleged offense.

It is conceded by appellant and by respondents, that the offense is alleged to have been committed on the 18th day of January, A. D. 1876.   That the law in force at that time, January 18, 1876, was repealed by the penal code now in force, approved February 18, A. D. 1876, and which took effect at twelve o'clock noon, on the 4th day of March, A. D. 1876, (see § 2, p. 564,) and that the indictment was found on the 6th day of May, A. D. 1876.

The repealing statute has the following "saving clause":

"(1835.)  SEC. 5.  No act or omission commenced after twelve o'clock, noon, of the day on which the code takes effect

as a law, is criminal or punishable, except as prescribed or authorized by this code, or by some ordinance, county, city or precinct regulation, passed or adopted under such statute, and in force when this code takes effect. Any act or omission commenced prior to that time may be inquired of, prosecuted and punished in the same manner as if this code had not been passed." *People* v. *Mortimer*, 46 Cal. 114–119; Bishop on Stat. Cr. §§ 180, 181; 1 Bishop's Cr. Law, §§ 215–219.

The only material change made by the passage of the new statute from the law in force at the time the offense is alleged to have been committed, is to limit and reduce the length of time the party convicted may be imprisoned. Under the law in force when the offense was committed, the punishment was by imprisonment for a term of not exceeding twenty-five and not less than ten years. Under the repealing statute the punishment is not more than ten nor less than one year. Stat. of 1870–71, p. 51; Stat. 1876, p. 589; 1 Bishop's Cr. L. § 219.

EMERSON. J., delivered the opinion of the court:

When this case was called for argument, the counsel for the people moved that the case be heard on the indictment, plea, verdict and judgment only, and that the papers purporting to be a bill of exceptions and statement on appeal be stricken from the files. The motion was granted, for the reason that they were not certified or in any manner authenticated, as required by the statute regulating the mode of appeals in criminal cases.

In this state of the case, the only matter pressed upon the attention of the court arises out of the repeal of the statute creating the offense, previous to the indictment and trial, the defendant claiming there is no sufficient saving clause in the repealing act.

The indictment was found on the 6th day of May, 1876, charging an offense as committed on the 18th day of January previous. The law in force on the 18th of January, 1876, was

repealed in express terms by the repealing section of what is known as the " Penal Code," which went into effect on the 4th March, 1876, at twelve o'clock, noon.

Sec. 5 of that act, (C. L. § 1835,) provides that: " No act or omission commenced after twelve o'clock, noon, of the day on which this code takes effect as a law, is criminal or punishable except as prescribed or authorized by this code, or by some of the statutes then in force, or by some ordinance, county, city or precinct regulations, passed or adopted under such statutes and in force when this code takes effect; and any act or omission commenced prior to that time may be inquired of, prosecuted and punished in the same manner as if this code had not taken effect."

The counsel for the appellant claims, in effect, that a general jubilee was proclaimed by the passage of the " Penal Code," for all criminals in this Territory, unless the prosecution against them was commenced before that act went into effect.

Sec. 4 of the act (C. L. § 1834) declares that: " The rule of the common law that penal statutes are to be strictly construed has no. application to this code; all its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice."

Without the aid of this section we could not give the con. struction to the act which is asked for by the defendant; and, certainly, with that as the guide which the legislature themselves have furnished us to construe it, we are at a loss to see how it would " promote justice" to judicially construe it into a general jail delivery and free pardon for all offenses committed before the passage of the act. The plain and evident intent of the legislature was to steer clear of any difficulty arising from the enactment of *ex post facto* laws, and to retain in force the former Crimes and Punishment Act, so far as it related to offenses committed prior to the time the " Penal Code " went into effect. In my opinion the language employed accomplishes this purpose.

The judgment of the court below is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.